IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **K. MIZRA LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**GENERAL MOTORS LLC,**<br><br>    Defendant. | Civil Action No. 2:21-cv-00244-JRG<br><br>Judge Rodney Gilstrap<br><br>**JURY TRIAL DEMANDED** |

## GENERAL MOTORS LLC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant General Motors LLC ("GM") responds to Plaintiff K. Mizra LLC's ("K.Mizra") allegations against GM in its Complaint for Patent Infringement ("Complaint") as follows. Unless otherwise noted, GM denies each and every allegation in the Complaint. Moreover, to the extent any of the headings used in the Complaint constitute allegations to which a response is required, GM denies all allegations contained in those headings.

### INTRODUCTION

1.   GM admits that K.Mizra purports to bring this action under the patent laws of the United States for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). GM denies the rest of the allegations of this paragraph.

### THE PARTIES

2.   GM is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

3.   GM admits that it is a limited liability company organized and existing under the laws of Delaware. GM states that it has a place of business at principal place of business at 300 Renaissance Center, Detroit, MI 48265. GM denies the rest of the allegations in this paragraph.

4. GM admits that K.Mizra purports to bring this action under the patent laws of the United States for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). GM denies the rest of the allegations of this paragraph.

5. GM admits that this Court has subject matter jurisdiction over actions for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). GM denies the rest of the allegations of this paragraph.

6. For purposes of this action only, GM will not dispute venue. GM denies that it has a regular and established place of business through any dealership. These dealerships are independently owned and operated. Texas law provides that a manufacturer or distributor such as GM "may not directly or indirectly (1) own an interest in; (2) operate or control; or (3) act in the capacity of: a franchised dealer or dealership, as defined in Sections 2301.002(16) and (8), respectively for the same 'type of motor vehicle' that (i) the manufacture manufactures or distributes or (ii) the distributor distributes; or a nonfranchised dealer or dealership." Tex. Occ. Code Ann. § 2301.476(c). GM denies the rest of the allegations of this paragraph.

7. GM denies the allegations in this paragraph.

8. With respect to dealers, GM incorporates its response to paragraph 6 by reference. GM admits that it manufactures and assembles Buick, Cadillac, Chevrolet, and GMC-branded vehicles in the United States. GM specifically denies that these independent dealers are established, ratified, and/or controlled by GM as GM's physical places of business. GM specifically denies that it has any control over the business activities of its dealers. GM admits that it has a plant in Arlington, TX. GM denies the rest of the allegations of this paragraph.

9. GM admits it is registered to do business in the state of Texas. GM denies the rest of the allegations in this paragraph.

10. GM denies that the website cited by Plaintiff states what is alleged in Paragraph 10. GM specifically denies that it engages in sales and service of products through dealers. GM incorporates by reference its response to paragraph 6. GM denies the rest of the allegations in this paragraph.

11. GM admits that it develops marketing materials for its products. GM denies the rest of the allegations in this paragraph.

12. GM admits that the website cited by Plaintiffs states that there are $778M in taxable wages paid to GM employees in Texas. GM admits that the website cited by Plaintiff states that GM has 13 facilities in Texas. GM admits that it has a plant in Arlington, TX. GM denies the rest of the allegations in this paragraph.

13. GM specifically denies that it controls dealers, and incorporates its response to paragraph 6 by reference. GM denies the rest of the allegations in this paragraph.

14. GM incorporates its response to paragraph 6 by reference. GM admits that there is a Dealer Sales and Service Agreement, and states that the Dealer Sales and Service Agreement speaks for itself. GM denies the rest of the allegations in this paragraph.

15. GM incorporates its response to paragraph 6 by reference. GM specifically denies that it controls dealers. GM denies the rest of the allegations in this paragraph.

16. GM incorporates its response to paragraph 6 by reference. GM specifically denies that it controls dealers. GM admits that it offers training and certification for technicians who wish to improve their technical skills and gain extra experience with particular models or aspects of GM vehicles. GM states that these GM certified technicians are not GM employees, and independent dealers need not hire GM certified technicians. GM denies the rest of the allegations in this paragraph.

17. GM incorporates its response to paragraph 6 by reference. GM denies that GM employees work at dealers. GM denies the rest of the allegations in this paragraph.

18. GM incorporates its response to paragraph 6 by reference. GM admits that it provides warranties for new car purchases, and states that the warranties speak for themselves. GM admits that warranty services of new GM-branded automobiles and components are conducted at independent dealers as required by Texas law. Tex. Admin. Code §215.103 ("warranty repair services may only be performed at either a licensed dealership or a licensed service-only facility"). GM denies the rest of the allegations in this paragraph.

19. GM incorporates its responses to paragraphs 6 and 18 by reference. GM admits that it provides incentives for dealers to encourage certain sales, but denies that it provides dealers sales promotions which are provided by the independent dealers. GM states that the Dealer Sales and Service Agreement speaks for itself. GM denies the rest of the allegations in this paragraph.

20. GM will not challenge venue under 28 U.S.C. § 1400(b) for purposes of this Complaint only. GM denies the rest of the allegations of this paragraph. GM reserves the right to move to transfer for convenience under 28 U.S.C. § 1404.

21. GM denies that personal jurisdiction and venue is proper or appropriate, but will not challenge such for purposes of this Complaint only. GM denies the rest of the allegations in this paragraph.

**PATENT-IN-SUIT**

22. GM admits that this action purportedly asserts a cause of action for infringement of United States Patent No. 7,394,423 (the "'423 Patent" or "Asserted Patent"). GM is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations of this paragraph and, therefore, denies them.

23. GM is without knowledge or information sufficient to form a belief as to the truth

4

of the allegations in this paragraph, and therefore, denies them.

24. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, denies them.

## FACTUAL ALLEGATIONS

### A. Background of Connected Vehicle Services for Emergency Situations

25. This paragraph includes no allegations and rather includes facts related to incomplete hypothetical information. To the extent a response is required, GM denies the allegations of this paragraph.

26. GM admits that the feature accused of infringing the Asserted Patent was publicly available to consumers in the mid-1990s. This paragraph includes no allegations and rather includes facts related to incomplete hypothetical information. To the extent a response is required, GM denies the allegations of this paragraph.

27. This paragraph includes no allegations and rather includes facts related to incomplete hypothetical information. To the extent a response is required, GM denies the allegations of this paragraph.

28. This paragraph includes no allegations and rather includes facts related to incomplete hypothetical information. To the extent a response is required, GM denies the allegations of this paragraph.

29. This paragraph includes no allegations and rather includes facts related to incomplete hypothetical information. To the extent a response is required, GM denies the allegations of this paragraph.

30. This paragraph includes no allegations and rather includes facts related to incomplete hypothetical information. To the extent a response is required, GM denies the allegations of this paragraph.

31. This paragraph includes no allegations and rather includes facts related to incomplete hypothetical information. To the extent a response is required, GM denies the allegations of this paragraph.

32. This paragraph includes no allegations and rather includes facts related to incomplete hypothetical information. To the extent a response is required, GM denies the allegations of this paragraph.

### B. The '423 Patent and Its Alleged Innovations

33. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

34. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

35. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

36. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

37. GM admits that the face of the '423 Patent states that it is a continuation of Application No. 10/690,346. GM admits that the face of the '423 Patent states that it was filed on October 21, 2003, and purports to claim priority to Provisional application No. 60/441,632, which was filed on Jan. 21, 2003. GM states that the patent speaks for itself. GM denies the rest of the allegations in this paragraph.

### C. Defendant General Motors LLC

38. GM admits that it manufactures, markets, and sells automobiles with brands including Chevrolet, Buick, GMC, and Cadillac. GM denies the rest of the allegations in this

paragraph.

39. GM admits that OnStar provides automatic crash response and other features to drivers of GM vehicles. GM denies the rest of the allegations of this paragraph.

40. GM admits that OnStar is a feature of some of its vehicles. GM denies the rest of the allegations of this paragraph.

41. GM admits that one feature of OnStar is the "Automatic Crash Response" feature, which has been available on OnStar since it was first available in 1997. GM denies that the figures in this paragraph came from GM websites. GM denies the rest of the allegations in this paragraph.

42. GM denies that the referenced figures came from GM websites. GM states that the figures speak for themselves. GM denies the rest of the allegations in this paragraph.

**D. Alleged Infringement of the '423 Patent by General Motors LLC**

43. GM denies the allegations of this paragraph.

44. GM denies the allegations of this paragraph.

45. GM states that the cited websites speak for themselves. GM denies that it has infringed the '423 patent, and denies the rest of the allegations in this paragraph.

46. GM states that the cited websites speak for themselves. GM denies that it has infringed the '423 patent, and denies the rest of the allegations in this paragraph.

47. GM admits that LG is a supplier of certain vehicle components to GM. GM denies the rest of the allegations in this paragraph.

48. GM denies the characterizations in this paragraph, denies it has infringed the '423 patent, and denies the rest of the allegations in this paragraph.

49. GM denies the characterizations in this paragraph, denies it has infringed the '423 patent, and denies the rest of the allegations in this paragraph.

50. GM admits that OnStar utilizes GPS. GM denies it has infringed the '423 patent and denies the rest of the allegations of this paragraph.

51. GM admits that OnStar utilizes GPS. GM denies it has infringed the '423 patent and denies the rest of the allegations of this paragraph.

52. GM admits that OnStar has included automatic crash response features since its inception. GM denies the rest of the allegations of this paragraph.

53. GM admits that OnStar has included automatic crash response features since its inception. GM denies the rest of the allegations of this paragraph.

54. GM admits that OnStar has included automatic crash response features since its inception. GM denies the rest of the allegations of this paragraph.

55. GM admits that OnStar has included automatic crash response features since its inception. GM denies the rest of the allegations of this paragraph.

56. GM admits that OnStar has included automatic crash response features since its inception. GM denies the rest of the allegations of this paragraph.

57. GM denies the allegations of this paragraph.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '423 Patent)**

58. GM repeats its responses to paragraphs 1 through 57 and incorporates them herein by reference.

59. GM states that the patent speaks for itself. This paragraph does not include any allegations that require a response, but to the extent a response is required, GM denies the allegations in this paragraph.

60. GM denies the allegations of this paragraph.

61. GM denies the allegations of this paragraph.

62. GM denies the allegations of this paragraph.

63. GM denies the allegations of this paragraph.

### PRAYER FOR RELIEF

GM denies that K.Mizra is entitled to the relief it seeks or any other relief.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

1. The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE – NON-INFRINGEMENT

2. GM does not infringe and has not infringed any claim of the '423 Patent.

### THIRD DEFENSE – INVALIDITY

3. One or more claims of the '423 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH DEFENSE – ESTOPPEL

4. On information and belief, K.Mizra's claims are barred in whole or in part by the doctrine of estoppel.

5. To the extent that any of K.Mizra's allegations of infringement are construed or asserted to be allegations of infringement under the judicially enunciated doctrine of equivalents, on information and belief, all or some of K.Mizra's claims for relief are barred by the doctrine of prosecution history estoppel.

### FIFTH DEFENSE – DAMAGES AND COSTS LIMITATIONS

6. On information and belief, K.Mizra's claims for damages are limited or barred in whole or in part by 35 U.S.C. §§ 286, 287 and/or 288.

### SIXTH DEFENSE – EQUITABLE DEFENSES

7.     K.Mizra's claims are barred in whole or in part by the doctrines of waiver, acquiescence, estoppel, implied license, unclean hands, and/or any other equitable remedy.

### SEVENTH DEFENSE – NO WILLFUL INFRINGEMENT

8.     Any claim by K.Mizra for increased damages due to alleged willful infringement of the '423 Patent is improper as K.Mizra cannot show that GM knew or should have known that its actions constituted infringement of a valid claim of the '423 Patent or otherwise meet the requirements for willful infringement.

### EIGHTH DEFENSE – LACK OF STANDING

9.      K.Mizra's claims are barred to the extent K.Mizra lacks standing to sue for infringement of the '423 Patent.

### NINTH DEFENSE –RESERVATION OF ADDITIONAL DEFENSES

10.    GM reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses that may now or in the future be available based on discovery in this case or any related action.

### DEMAND FOR JURY TRIAL

GM requests a jury trial on all issues so triable.

### GENERAL MOTORS LLC'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, General Motors, LLC ("GM") asserts the following Counterclaims against K.Mizra LLC ("K.Mizra" or "Plaintiff"). GM reserves the right to amend this Answer to assert additional counterclaims which may be revealed during discovery.

### PARTIES

1.     GM states that GM is a limited liability company organized under the laws of the

Delaware, and has a principal place of business at 300 Renaissance Center, Detroit, MI 48265.

2. On information and belief, Plaintiff and Counterclaim Defendant, K.Mizra LLC is a limited liability company organized and existing under the laws of the state of Delaware, and maintains a principal place of business at 777 Brickell Avenue, #500-96031, Miami, Florida, 33131.

**JURISDICTION AND VENUE**

3. In its counterclaims, GM seeks Declaratory Judgment of non-infringement, invalidity, and unenforceability under 28 U.S.C. §§ 2201 and 2202 arising from a controversy between K.Mizra and GM concerning U.S. Patent No. 7,394,423 (the "'423 Patent" or "Asserted Patent"), which are the subject of the First Amended Complaint for Patent Infringement ("Complaint").

4. This Court has subject matter jurisdiction to hear and decide this counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. § 1338(a).

5. K.Mizra has submitted itself to the jurisdiction of this Court by the filing of its Complaint for Patent Infringement herein.

6. Subject to and without waiving GM's reservation above to challenge venue under 28 U.S.C. § 1404, venue is proper in this Court with respect to the following Counterclaims pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) where K.Mizra has brought this civil action.

7. An actual controversy pursuant to 28 U.S.C. §§ 2201 and 2202 exists between GM and K.Mizra concerning the '423 Patent in that K.Mizra has filed the Complaint in this Court alleging infringement of the '423 Patent by GM.

**COUNT I – DECLARATORY JUDGMENT OF INVALIDITY**

8. GM realleges and incorporates paragraphs 1-7 as if fully set forth herein.

9. The '423 Patent is invalid and/or unenforceable for failure to satisfy one or more of the requirements for patentability set forth in the patent laws of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112 and the Rules of the United States Patent and Trademark Office, Title 37, Code of Federal Regulations.

### COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

10. GM realleges and incorporates paragraphs 1-9 as if fully set forth herein.

11. GM does not infringe and has not infringed any valid claim of the '423 Patent and GM is entitled to a declaration to that effect.

### DEMAND FOR JURY TRIAL

GM hereby demands a jury for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, having answered K.Mizra's Complaint and asserted its defenses, GM prays for Judgment against K.Mizra on K.Mizra's Complaint as follows:

A. That K.Mizra takes nothing by its claims for relief;

B. That K.Mizra's claims for relief be dismissed with prejudice;

C. That the Court enters judgment against K.Mizra and in favor of GM in all respects;

D. That the Court enter judgment that GM has not infringed, directly or indirectly, either literally or under the Doctrine of Equivalents, willfully or otherwise any valid and enforceable claim of the '423 Patent;

E. That the Court enter judgment that the claims of the '423 Patent is invalid;

F. That the Court determine that this is an exceptional case under 35 U.S.C. § 285 and award attorneys' fees, costs, expenses, and prejudgment interest to GM in this action; and

G. For such other and further general or special equitable or legal relief as the Court deems just and proper.

DATED: September 13, 2021

By:   */s/ Marissa Ducca*
Victoria F. Maroulis (*admitted to practice in the Eastern District of Texas*)
*Lead Trial Counsel*
victoriamaroulis@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood City, CA 94065
Telephone:   (650) 801 5000
Facsimile:   (650) 801 5100

Marissa Ducca (*admitted to practice in the Eastern District of Texas*)
marissaducca@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I St NW, Suite 900
Washington, D.C. 200005
Telephone:   (202) 538 8000
Facsimile:   (202) 538 8100

G. Blake Thompson (State Bar No. 24042033)
blake@themannfirm.com
J. Mark Mann (State Bar No. 12926150)
mark@themannfirm.com
MANN | TINDEL | THOMPSON
201 E. Howard St.
Henderson, TX 75654
Telephone:   (903) 657-8540
Facsimile:   (903) 657-6003

*Counsel for Defendant General Motors LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document and its supporting exhibit via electronic mail on September 13, 2021.

                                                */s/ Marissa Ducca*
                                                Marissa Ducca